# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND BECK, | CASE NO. 1:11-cv-00075-AWI-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| OLIVER W. WANGER, et al., | (Doc. 1) |
| Defendants. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| / | (Doc. 13) |

## Screening Order

### I.    Screening Requirement and Standard

Plaintiff Reverend Beck, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors.[1]  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

---

[1] Plaintiff's claims against state prison officials are brought pursuant to section 1983 and Plaintiff's claim against United States District Judge Oliver W. Wanger is brought pursuant to Bivens.

1   U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have

2   been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

3   appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4        A complaint must contain "a short and plain statement of the claim showing that the pleader

5   is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

6   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

7   do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic

8   Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to

9   indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

10   (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal

11   conclusions are not.  Iqbal, 129 S.Ct. at 1949.

12        Under section 1983, Plaintiff must demonstrate that each defendant personally participated

13   in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

14   the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct.

15   at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility

16   of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss,

17   572 F.3d at 969.

18   **II.**    **Plaintiff's Claims**

19       **A.**    **Bivens Claim Barred by Judicial Immunity**

20        On April 7, 2010, Plaintiff filed case number 1:10-cv-00599-OWW-GBC PC Beck v. Dileo,

21   a civil rights suit against prison officials.  In this action, Plaintiff alleges that as of January 1, 2010,

22   United States District Judge Oliver W. Wanger was on notice that Plaintiff's rights were being

23   violated and he disregarded those violations.  Further, Judge Wanger refused to recuse himself in

24   Beck v. Dileo and he struck exhibits from the record, contrary to law and in exhibition of personal

25   dislike for Plaintiff.

26        Plaintiff's claim against Judge Wanger arises in part from Plaintiff's contention that liability

27   for the alleged ongoing violation of his constitutional rights by prison officials transferred to Judge

28

Wanger by virtue of the fact that Judge Wanger had knowledge of the violations because he was assigned to Beck v. Dileo. Plaintiff also bases his claim in part on his disagreement with rulings made in Beck v. Dileo and his belief that the rulings evidence Judge Wanger's personal bias against him.

It is well established that judges are entitled to absolute immunity for judicial acts. Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496 (1985); Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S.Ct. 1099 (1978); Crowe v. County of San Diego, 608 F.3d 406, 430 (9th Cir. 2010); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). Neither the fact of the pendency of Beck v. Dileo nor the rulings issued in Beck v. Dileo provides a basis for the imposition of liability against Judge Wanger. Plaintiff's claim arises from matters which are judicial actions for which Judge Wanger is entitled to judicial immunity.

**B.     Section 1983 Claims**

**1.     Defendants Cate and Harrington**

Plaintiff alleges that since January 1, 2009, Defendant Cate has known that Plaintiff's constitutional rights are being violated and he has blatantly ignored Dr. Dileo's sexual misconduct. Plaintiff alleges that since January 1, 2009, Defendant Harrington has had firsthand knowledge that Plaintiff's constitutional rights are being violated, but he turned a blind eye toward the violations in retaliation against Plaintiff for filing a sexual misconduct complaint against Dr. Dileo and for filing grievances.

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. 1937 at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Defendant Cate and Harrington hold, or held during the relevant time period, management positions within the California Department of Corrections and Rehabilitation. However, liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or

1   directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List,

2   880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 2988827, at *4-5

3   (9th Cir. Jul. 25, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v.

4   Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick,

5   126 F.3d 1189, 1204 (9th Cir. 1997), and Plaintiff's allegations fall well short of supporting a

6   plausible claim for relief against Defendant Cate or Defendant Harrington for involvement in the

7   violation of his constitutional rights.

8   **2.   Defendants Todd, Hammond, and Foston**

9   Plaintiff alleges that since January 1, 2009, Defendants Todd, Hammond, and Foston have

10  deprived Plaintiff of due process regarding the loss of his property and intervened in Plaintiff's

11  medical care issues.

12  The precise bases for Plaintiff's claims are unclear.   The Due Process Clause of the

13  Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without

14  due process of law, but Plaintiff has not alleged any facts that would support a claim that he was

15  deprived of a protected interest without procedural due process. Wolff v. McDonnell, 418 U.S. 539,

16  556, 94 S.Ct. 2963 (1974).   Nor has Plaintiff alleged any facts demonstrating that Defendants

17  violated the Eighth Amendment by acting with deliberate indifference to his serious medical needs.

18  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); Jett v. Penner, 439 F.3d 1091, 1096

19  (9th Cir. 2006).

20  **3.   Defendants Dileo, Lopez, Shittu, Natel, and Horton**

21  Finally, Plaintiff alleges that he was transferred to Kern Valley State Prison on May 15, 2009,

22  and he was provided with a wheelchair and morphine sulfate.   After Plaintiff failed to welcome

23  Defendant Dileo's sexual misconduct, Defendants Lopez, Shittu, Natel, and Horton denied Plaintiff

24  his morphine sulfate and prescribed a different medication for him.

25  Plaintiff's allegations do not support any claims.   Plaintiff's disagreement with the decision

26  to change his prescription medication does not support a claim, Franklin v. Oregon, 662 F.2d 1337,

27  1344 (9th Cir. 1981), and a difference of opinion between medical personnel regarding prescriptions

28

1   does not support a claim, <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).  Plaintiff has not

2   alleged any facts demonstrating that Defendants knowingly disregarded an excessive risk to his

3   health and he therefore fails to state a viable Eighth Amendment claim.  <u>Farmer</u>, 511 U.S. 825 at

4   834; <u>Jett</u>, 439 F.3d at 1096.

5           **C.**     <u>**Conclusion**</u>

6           Plaintiff's complaint fails to state any claims upon which relief may be granted.  Not all of

7   the deficiencies identified by the Court are capable of being cured through amendment.  However,

8   because Plaintiff may be able to amend some of his claims, the Court will provide one opportunity

9   to file an amended complaint. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>,

10  809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding

11  new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir.

12  2007) (no "buckshot" complaints).

13          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

14  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 129

15  S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise

16  a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

17          Finally, an amended complaint supercedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114

18  F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

19  "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

20  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

21  amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>,

22  644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

23  **III.**   <u>**Motion for Appointment of Counsel**</u>

24          On May 10, 2011, Plaintiff filed a motion seeking the appointment of counsel.  Plaintiff does

25  not have a constitutional right to the appointment of counsel in this action.  <u>Palmer v. Valdez</u>, 560

26  F.3d 965, 970 (9th Cir. 2009); <u>Storseth v. Spellman</u>, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court

27  may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do

28

1   so only if exceptional circumstances exist. <u>Palmer</u>, 560 F.3d at 970; <u>Wilborn v. Escalderon</u>, 789

2   F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the Court must evaluate the

3   likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light

4   of the complexity of the legal issues involved. <u>Palmer</u>, 560 F.3d at 970 (citation and quotation marks

5   omitted); <u>Wilborn</u>, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed

6   together. <u>Palmer</u>, 560 F.3d at 970 (citation and quotation marks omitted); <u>Wilborn</u> 789 F.2d at 1331.

7         In the present case, the Court does not find the required exceptional circumstances. Plaintiff

8   is able to adequately articulate his claims and in light of this screening order, the Court cannot find

9   at this juncture that Plaintiff is likely to succeed on the merits. Therefore, Plaintiff's motion for the

10  appointment of counsel is denied.

11  **IV.   <u>Order</u>**

12        Based on the foregoing, it is HEREBY ORDERED that:

13        1.   Plaintiff's motion for the appointment of counsel, filed May 10, 2011, is denied;

14        2.   The Clerk's Office shall send Plaintiff a complaint form;

15        3.   Plaintiff's complaint, filed January 14, 2011, is dismissed for failure to state a claim

16             upon which relief may be granted;

17        4.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

18             amended complaint; and

19        5.   If Plaintiff fails to file an amended complaint in compliance with this order, this

20             action will be dismissed, with prejudice, for failure to state a claim.

21

22  IT IS SO ORDERED.

23  **Dated:   August 24, 2011**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28