# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND BECK, | CASE NO. 1:11-cv-00075-AWI-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| OLIVER W. WANGER, et al., | (Doc. 16) |
| Defendants. | ORDER COUNTING DISMISSAL AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

I.  **Screening Requirement and Standard**

Plaintiff Reverend Beck, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971).[1]  On August 25, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims.  Plaintiff filed an amended complaint on September 9, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Plaintiff's claims against state prison officials are brought pursuant to section 1983 and Plaintiff's claim against United States District Judge Oliver W. Wanger is brought pursuant to <u>Bivens</u>.

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## II.     Plaintiff's Amended Complaint

To state a claim for violation of his constitutional rights, Plaintiff must demonstrate that each defendant personally participated in the deprivation of those rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

In the screening order of August 25, 2011, the Court notified Plaintiff of the deficiencies in his claims, but in his amended complaint, Plaintiff fails to set forth any factual allegations demonstrating that the named defendants violated his rights. Instead, Plaintiff asserts that the Court is already in possession of sufficient evidence to show that his rights were violated. Given that

///
///
///
///

Plaintiff's amended complaint is devoid of any linkage between the defendants named and a violation of Plaintiff's rights, the Court finds that Plaintiff fails to state any claims.[2]

### III.   Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he is either unable or unwilling to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

2. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   December 23, 2011                                   _____
                                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In addition, Judge Wanger is entitled to judicial immunity, absent the existence of circumstances not presented here. Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496 (1985); Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S.Ct. 1099 (1978); Crowe v. County of San Diego, 608 F.3d 406, 430 (9th Cir. 2010); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).

3